Filed 3/21/24  P. v. Chavez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C098667 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF00453) |
| v. | |
| ROBERT MICHAEL CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Robert Michael Chavez pled no contest to five felony counts and one misdemeanor count charging him with various offenses, including sex crimes against minors.  The trial court sentenced defendant to the stipulated term of 80 years to life in state prison.

Defendant appeals.  His appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we affirm.

1

# FACTUAL AND PROCEDURAL BACKGROUND

In the third amended complaint, the People charged defendant with 42 counts, including numerous sex crimes committed against the minors who lived with him in a residence with two adult women, with whom defendant reported he was having a "polyamorous" relationship, as well as torture of a child, child abuse, possession of child pornography, dissuading a witness by force or fear, providing cannabis to a minor, mayhem, and one sex crime against an adult with an associated allegation of great bodily injury under circumstances of domestic violence. The five minor victims ranged in age from under 10 years to 16 years at the time of the crimes.

Per agreement, defendant pled no contest to six counts: torture (Pen. Code, § 206; count 3; undesignated statutory references are to the Penal Code); misdemeanor child molestation (§ 647.6, subd. (a)(1); count 13); forcible oral copulation of a minor age 14 years old or older (§ 287, subd. (c)(2)(C); count 15); forcible rape (§ 261, subd. (a)(2); count 18); sexual penetration of a minor under 10 years of age (§ 288.7, subd. (b); count 24); and mayhem (§ 203; count 41). The trial court accepted defendant's plea and found him guilty of those counts. The remaining counts and special allegations were dismissed on a motion by the prosecutor. Counsel for the parties stipulated to the details of the offenses set forth in the probation report and taken from the county sheriff's report as the factual basis for the plea.

In accordance with the negotiated plea, the trial court sentenced defendant to the following: upper term of eight years on count 41; seven years to life on count 3; 25 years to life on count 15; 25 years to life on count 18; and 15 years to life on count 24. All terms were to be served consecutively in state prison. The negotiated plea also added a one-year concurrent term on count 13. The aggregate, stipulated sentence was therefore 80 years to life in prison. The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)), a suspended parole revocation fine in the same amount (§ 1202.45), a court operations assessment of $240 (§ 1465.8), and a conviction assessment of $180 (Gov.

Code, § 70373).  The trial court awarded defendant 127 days of custody credit consisting of 111 actual days and 16 days of conduct credit.

Defendant filed a timely notice of appeal based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.App.3d 436, asking this court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief and defendant has not done so.

After independently reviewing the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.



We concur:



/s/
EARL, P. J.



/s/
ROBIE, J.